```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA

             CASE NO. 08-61785-MC-ZLOCH
```

MAC FUNDING CORPORATION,

      Plaintiff,

                                      **O R D E R**

vs.

ASAP GRAPHICS, INC., and AMES
FRIEDMAN,

      Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiff MAC Funding Corporation's Motion To Compel (DE 7). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      On November 5, 2008, Plaintiff initiated this action wtih the registration of the Order Of Final Judgment (DE 1, Ex. A) entered by the Honorable Samuel Der-Yeghiayan of the United States District Court for the Northern District of Illinois, which awarded Plaintiff $1,846,427.05 in damages against Defendants jointly and severally. Plaintiff intends to recover its judgment with assets of Defendants located in South Florida. It filed the instant Motion (DE 7) after Defendants and two non-Parties failed to appear for their depositions noticed by Plaintiff.

      As to the two non-Parties, Identity Graphics and Printing, Inc. and ID Print, Inc., Plaintiff sent a Notice of Taking Deposition Duces Tecum and a Rule 45 Subpoena to the registered agent of each. The Subpoenas were sent by mail. See DE 7, ¶¶ 7-8. However, Federal Rule of Civil Procedure 45 states that "[s]erving

a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). This means that "[p]ersonal service of subpoenas is required." 9A Wright & Miller, Federal Practice and Procedure: Civil 3d § 2454 (2008). Therefore, the service of the Subpoenas upon non-Parties Identity Graphics and Printing, Inc. and ID Print, Inc. by mail was defective, and the Court is thus powerless to enforce the same.

Turning now to Defendants, the Federal Rule of Civil Procedure 69 provides that the discovery procedures outlined in Rules 26 through 37 apply to discovery is sought from a party in aid of execution. Fed. R. Civ. P. 69(a)(2); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3014 (1997). Thus, Defendants have a duty to appear for examination upon being duly served with a Notice of taking deposition, and proper service under Rule 45 is not an issue. Their failure to do so is a discovery violation that warrants a sanction.

In addition, Plaintiff served the instant Motion (DE 7) on Defendants by mail on May 8, 2009. See DE 7, p. 6 (Certificate of Service). Thus, Defendants had until Thursday, May 28, 2009, to respond. S.D. Fla. L.R. 7.1.C.1. Besides Defendants' failure to abide by their discovery obligations, Defendants have not responded to the instant Motion, and said failure to respond in the time allotted by Local Rule is, in itself, grounds for granting the same by default. S.D. Fla. L.R. 7.1.C.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff MAC Funding Corporation's Motion To Compel (DE 7) be and the same is hereby **GRANTED** in part

and **DENIED** in part as follows:

    1. To the extent that Plaintiff MAC Funding Corporation's Motion To Compel (DE 7) seeks an Order compelling the attendance of Defendants at their depositions, it be and the same is hereby **GRANTED**;

    2. By <u>noon</u> on <u>Friday, June 26, 2009</u>, Defendants ASAP Graphics, Inc. and Ames Friedman shall produce for Plaintiff all documentation requested in the Schedules A attached to the Notice To Take Deposition Duces Tecum (DE 5, Sch. A & DE 6, Sch. A) previously served on each of them on or about March 20, 2009;

    3. Defendants ASAP Graphics, Inc. and Ames Friedman shall appear for their depositions at the law offices of Plaintiff's Counsel, Joan M. Levit, Esq., Akerman Senterfitt, Las Olas Centre II, 350 E. Las Olas Boulevard, Suite 1600, Fort Lauderdale, FL 33301, at a time and date to be set by Plaintiff's Counsel;

    4. Upon failure of Defendants ASAP Graphics, Inc. and Ames Friedman to comply with the terms and conditions of this Order, the Court will entertain the appropriate Motion For Sanctions, including, but not limited to, holding Defendants in contempt of court;

    5. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Friday, June 19, 2009</u>, Defendants shall file with the Clerk of this Court a Memorandum showing good cause for their failure to appear at their duly noticed depositions and failure provide full and complete documentation as requested by Plaintiff;

    6. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Friday, June 19, 2009</u>, Plaintiff shall file with the Clerk of this

Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3.A of the Untied States District Court for the Southern District of Florida establishing the costs and fees incurred in the preparation and execution of the instant Motion; and

    7. Plaintiff's Counsel shall cause true and correct copies of this Order to be served upon Defendants ASAP Graphics, Inc. and Ames Friedman on or before Wednesday, June 10, 2009, and shall file a completed Return of Service with the Clerk of this Court reflecting the same; and

    8. In all other respects, Plaintiff MAC Funding Corporation's Motion To Compel (DE 7) be and the same is hereby **DENIED**.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this <u>  3rd   </u> day of June, 2009.

                                                   */s/ William J. Zloch*
                                            WILLIAM J. ZLOCH
                                            United States District Judge

Copies furnished:

All Counsel of Record

Defendants ASAP Graphics, Inc.,
and Ames Friedman
(Plaintiff to provide)